Hawkins, J.,
delivered, the opinion of the Court,
This suit was commenced in the Circuit Court of Obion County, on the 14th day of October, 1861. At the April Term, 1862, of said Court, the declarations in the cause were filed; and at the October Term, 1862, the defendants filed pleas thereto, upon which issues were formally made. No subsequent steps seem to have been taken in tbe cause, until the October Term, 1365; when, upon motion of tbe defendants, the cause was stricken from the docket, and the Court adjudged that each party recover ef the other one-half the posts, and awarded executions therefor; from which action and judgment of the Court, the plaintiff has appealed to this Court.
Tbe record is silent as to the reason which induced His Honor, the Circuit Judge, to strike the cause from the docket; but from the positions assumed by counsel, *611 in the argument of the cause, we apprehend it was in consequence of what we conceive to have been a misapprehension of the provisions of the 5th section of the Schedule to the amendments of the Constitution of the State of Tennessee, ratified by the people on the 22d day of February, 1865. They are as follows, to-wit: “All laws, ordinances, and resolutions, as well as all acts done in pursuance thereof, under the authority of the usurped State Government, after the declared independence of the State of Tennessee, on or after the 6th day of Hay, 1861, were unconstitutional, null and void, from the beginning. Provided, That this section shall not be construed as to affect any judicial decisions made by the State Courts, held at times differing from those provided by law, prior to May 6th, 1861 — said judicial decisions being made pursuant to the laws of the State, enacted previous to said date, and between parties present in Court, and litigating their rights.”
We think the meaning of the provisions of this section, preceding the proviso, is clear and obvious, and when analyzed, may be clearly stated in two propositions:
1st, All laws, ordinances, and resolutions, passed or enacted under the authority of-the usurped State Government, on or after the 6th day of May, 1861, were unconstitutional, null' and void, from the beginning.
2d, All acts done in pursuance of such laws, ordinances, or resolutions, were likewise null and void, from the beginning.
All laws, ordinances, and resolutions, passed or enacted, under or by the authority of the State Govern *612 ment, prior to the 6th of May, 1861, are unaffected by the provisions of that section, and are, by it, left in full force; and all acts done in pursuance of such laws, ordinances, and resolutions, after the 6th of May, 1861, are valid and binding. •
It is insisted, in argument, that the State Courts, and the offices of all the officers, such as Judges, Clerks, Sheriffs, etc., are holden under the authority of the State Government; and consequently, after the date of the declared usurpation, if holden at all, were holden under the authority of the usurped State Government;, and that all their acts, since that time, are, by the provisions of this section, therefore, made null and void. We cannot assent to this reasoning. Certainly, the section does not so declare; neither can its language, by any fair rule of interpretation, be so construed. The proviso annexed to, and forming a part of the section, itself, clearly demonstrates such was not the construction given to that section, by those who framed it. The proviso, by its terms, most clearly contemplates that State Courts had been holden — Judges, Sheriffs, Clerks, etc., had been engaged in the discharge of their respective official duties — and that parties had been engaged in litigating their rights in such Courts, and through the aid of such officers, after the 6th of May, 1861.
Since the declared independence of the State of Tennessee, on the 6th day of May, 1861, laws had been passed, “under the authority of the usurped State Government,” changing the time of holding some of the State Courts. These laws, and all acts done in pursuance of them, are declared, by this section of the Sched- *613 ttle, to be null and void, from the beginning. But the proviso declares, “that this section shall not be construed as to affect any judicial decisions made by the State Courts, held at times differing from those provided by law, prior to May 6th, 1861 — said judicial decisions being made pursuant to the laws of the State, enacted previous to said date, and between parties present in Court, litigating their rights.”
As has been already stated, laws had been passed changing the times of holding some of the State Courts, whilst the times of holding others had remained unchanged. Some of the State Courts had been holden at times fixed by laws, declared by this section of the Schedule, to have been “unconstitutional, null and void, from the beginning;” and “at times differing from those provided by law, prior to May 6th, 1861.” Other State Courts were holden at times fixed by laws passed prior to May 6th, 1861, and not declared unconstitutional, null or void. Now, if the positions assumed in argument be correct, what is the result? It may be thus stated: The judicial decisions made by the State Courts, held at times differing from those provided by law, prior to May 6th, 1861, and made in pursuance of laws enacted previous to that time, and between parties present in Court, and litigating their rights, shall be valid and binding, notwithstanding such Courts were holden under laws declared to be unconstitutional, null and void, from the beginning; whilst judicial decisions made by State Courts, held at times fixed by laws passed prior to the 6th of May, 1861, and not declared unconstitutional, null or void, but remaining in full for.ce, notwithstand *614 ing they may have been made in pursuance of laws enacted previous to the declared usurpation of the authority of the State Government, though between parties present in Court, and litigating their rights, shall be null and void. A proposition so monstrous, and so at war with the manifest intentions of the Convention which framed the section under consideration, and fraught with so much mischief, we apprehend, would not be contended for.
The State Courts were established, the offices of Judges, Clerks, Sheriffs, etc., were created by laws enacted prior to May 6th, 1861. The jurisdiction and powers of such Courts and officers, after that date, were fixed and prescribed by laws passed prior thereto; and were not conferred by, nor dependent upon, laws subsequently passed. Neither the right of the plaintiff to bring and prosecute this suit, or to a recovery, depends upon any law passed since the 6th of May, 1861. The alleged right of action accrued before that time, and under the law, as it previously existed.
We think the action and judgment of the Circuit Court was erroneous. The same will be reversed, and the cause remanded to the Circuit Court of Obion County.